UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL DONNELL NILES, | No. 2:22-cv-1832 AC P |
| Plaintiff, | |
| v. | ORDER |
| SANDAR AUNG, | |
| Defendant. | |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

I.  Application to Proceed In Forma Pauperis

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). ECF Nos. 2, 5. Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

1

the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

II.     Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against "a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'" Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Franklin, 745 F.2d at 1227-28 (citations omitted).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citations omitted).  "[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur

2

R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

III.   Complaint

The complaint alleges that defendant Aung violated plaintiff's rights under the Eighth and Fourteenth Amendments. ECF No. 1. Plaintiff alleges that on October 1, 2021, he broke his right wrist while working at his prison job. Id. at 1. After an x-ray confirmed that plaintiff's wrist was fractured, Aung, who was plaintiff's treating physician, cancelled plaintiff's transport to the hospital for urgent care. Id. As a result, plaintiff was left "to linger in pain with a grotesquely broken and swollen wrist" until he was sent for surgery at an outside facility one month later. Id. During the time plaintiff was forced to wait for surgery, he was given a splint when he should have been given a hard cast, and he did not receive any pain medication until two days after injuring his wrist. Id. at 1-2. When plaintiff reported to Aung that the Tylenol 3 he received made him nauseous, she told him to take over-the-counter ibuprofen which was not effective at managing plaintiff's pain. Id. at 2. As a result of Aung's initial delay in prescribing pain medication and failure to make adjustments when she was informed that the medication was not working, plaintiff suffered from pain in the month prior to his surgery. Id. at 4. The delay in surgery led to incorrect healing, limits on plaintiff's ability to move his wrist, and swelling and pain that have not gone away. Id. Plaintiff alleges that he was treated differently than another inmate who Aung sent immediately to the hospital after breaking his foot. Id. at 3-4.

////

IV. Claims for Which a Response Will Be Required

Although it may ultimately be established that plaintiff had no more than a difference of opinion with defendant Aung as to the proper course of his treatment, he has sufficiently alleged a claim for deliberate indifference at the screening stage. See Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (deliberate indifference shown by a purposeful act or failure to respond to plaintiff's pain or medical need and harm cause by indifference). If plaintiff choses to proceed on the original complaint, Aung will be required to respond.

V. Failure to State a Claim

The Equal Protection Clause requires the State to treat all similarly situated people equally. City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985) (citation omitted). "To state a claim for violation of the Equal Protection Clause, a plaintiff must show that the defendant acted with an intent or purpose to discriminate against him based upon his membership in a protected class." Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003) (citing Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998)). Alternatively, plaintiff can show "that [he] has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000) (citations omitted). "Similarly situated" persons are those "who are in all relevant respects alike." Nordlinger v. Hahn, 505 U.S. 1, 10 (1992).

Plaintiff has not alleged that he is a member of a protected class, and although he attempts to allege that he has been treated differently than a similarly situated inmate, he has not pled facts sufficient to demonstrate that he and the other inmates were alike in all relevant respects. The other inmate broke his foot, rather than his wrist, and there are no facts demonstrating that the severity of the injuries was comparable. Furthermore, identifying only one individual who received different treatment does not establish a "clear standard" from which Aung departed or that plaintiff was "singled out" for disparate treatment. See Engquist v. Or. Dep't of Agric., 553 U.S. 591, 602 (2008) (finding that "when it appears that an individual is being singled out by the government, the specter of arbitrary classification is fairly raised" and noting that in Olech "the existence of a clear standard against which departures, even for a single plaintiff, could be readily

assessed" was significant). For these reasons, the complaint does not state a claim for the denial of equal protection.

VI.     Leave to Amend

Although the complaint does not state a cognizable equal protection claim, it appears that plaintiff may be able to allege facts to remedy this and he will be given the opportunity to amend the complaint if he desires.

Plaintiff may proceed forthwith to serve defendant Aung on his deliberate indifference claim or he may delay serving defendant and amend the complaint. Plaintiff will be required to complete and return the attached notice advising the court how he wishes to proceed. If plaintiff chooses to amend the complaint, he will be given thirty days to file an amended complaint. If plaintiff elects to proceed on his deliberate indifference claim against defendant Aung without amending the complaint, the court will proceed to serve the complaint. A decision to go forward without amending the complaint will be considered a voluntarily dismissal without prejudice of the equal protection claim.

If plaintiff chooses to file an amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). Also, the complaint must allege in specific terms how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th

Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent amended complaint to preserve appeal). Once plaintiff files an amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

### VII. Plain Language Summary of this Order for a Pro Se Litigant

Your request to proceed in forma pauperis is granted. That means you do not have to pay the entire filing fee now. You will pay it over time, out of your trust account.

Some of the allegations in the complaint state claims against defendant and some do not. You have alleged enough facts to state a claim against defendant Aung for deliberate indifference, but you have not alleged facts that show Aung's treatment violated your right to equal protection.

You have a choice to make. You may either (1) proceed immediately on your deliberate indifference claim against defendant Aung and voluntarily dismiss your equal protection claim or (2) try to amend the complaint. If you want to go forward without amending the complaint, you will be voluntarily dismissing without prejudice your equal protection claim. If you choose to file a first amended complaint, it must include all claims you want to bring. Once an amended complaint is filed, the court will not look at any information in the original complaint. **Any claims and information not in the first amended complaint will not be considered.** You must complete the attached notification showing what you want to do and return it to the court. Once the court receives the notice, it will issue an order telling you what you need to do next (i.e. file an amended complaint or wait for defendant to be served).

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is GRANTED.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the appropriate agency filed concurrently herewith.

////

3.  Plaintiff's equal protection claim against defendant Aung does not state a claim for which relief can be granted.

4.  Plaintiff has the option to proceed immediately on his deliberate indifference claim against defendant Aung as set forth in Section IV above, or to amend the complaint.

5.  Within fourteen days of service of this order, plaintiff shall complete and return the attached form notifying the court whether he wants to proceed on the screened complaint or whether he wants to file a first amended complaint.  If plaintiff does not return the form, the court will assume that he is choosing to proceed on the complaint as screened and will recommend dismissal without prejudice of the equal protection claim against defendant Aung.

DATED: December 27, 2022

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL DONNELL NILES,<br><br>    Plaintiff,<br><br>    v.<br><br>SANDAR AUNG,<br><br>    Defendant. | No.  2:22-cv-1832 AC P<br><br>PLAINTIFF'S NOTICE ON HOW TO PROCEED |

    Check one:

\_\_\_\_\_ Plaintiff wants to proceed immediately on his deliberate indifference claim against defendant Aung without amending the complaint.  Plaintiff understands that by going forward without amending the complaint he is voluntarily dismissing without prejudice his equal protection claim against defendant Aung pursuant to Federal Rule of Civil Procedure 41(a).

\_\_\_\_\_ Plaintiff wants to amend the complaint.

DATED:_____

                                                          Michael Donnell Niles<br>
                                                          Plaintiff pro se