1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    MICHAEL DONNELL NILES,                No.  2:22-cv-1832 TLN AC P

12                    Plaintiff,

13          v.                              ORDER

14    SANDAR AUNG, et al.,

15                    Defendants.

16

17          Plaintiff, a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C.

18    § 1983, has filed a motion for an extension of time to serve discovery and requests the court issue

19    a subpoena duces tecum.  ECF Nos. 27, 28.  Defendant does not oppose the motion for an

20    extension of time.  ECF No. 29.

21          By order filed April 12, 2023, the court set a schedule for discovery in this case.  ECF No.

22    22.  Written requests for discovery were to be served no later than June 5, 2023, and discovery,

23    including the time to file motions to compel, closed on August 4, 2023.  Id. at 6.  On defendant's

24    motion, the August 4, 2023 deadline to complete discovery was extended to October 3, 2023.[1]

25    ECF No. 26.  Plaintiff's motion to extend the time for serving written discovery requests was

26    ////

27

28    _____
      [1]  The dispositive motions deadline was also extended to January 25, 2024.

                                    1

filed on August 4, 2023,[2] and included copies of the interrogatories and admissions he sought to propound that indicated they had been served on July 19, 2023.  ECF No. 27.  He explains that he did not move to extend the June 5, 2023 deadline because after he lost his jailhouse lawyer he planned to abandon this lawsuit but he recently found another inmate to assist him.  Id. at 1-2.

In light of defendant's non-opposition and the recent extension of discovery, the court will grant the motion to extend the deadline to serve written discovery requests and plaintiff's previously served interrogatories and requests for admission are deemed timely.

With respect to plaintiff's request for issuance of a subpoena, since he has attached a copy of a completed subpoena form, it will be construed as a request for service of the subpoena by the United States Marshals.

A non-party may be compelled to produce documents for inspection and copying pursuant to a subpoena duces tecum.  Fed. R. Civ. P. 34(c), 45(a).  In order to do this, plaintiff must fill out subpoena forms and ensure that each person is served with the subpoena by a non-party.  Fed. R. Civ. P. 45(b).  If the person's attendance is required, plaintiff must tender to each person "the fees for 1 day's attendance and the mileage allowed by law."  Fed R. Civ. P. 45(b)(1).  The current requisite fee for each person is forty dollars per day, 28 U.S.C. § 1821(b), and cannot be waived for a plaintiff proceeding in forma pauperis.  Dixon v. Ylst, 990 F.2d 478, 480 (9th Cir. 1993).

Limitations on a subpoena include the relevance of the information sought as well as the burden and expense to the non-party in providing the requested information.  Fed. R. Civ. P. 26, 45.  A motion for issuance of a subpoena duces tecum should be supported by clear identification of the documents sought and a showing that the records are obtainable only through the identified third-party.  Davis v. Ramen, No. 1:06-cv-01216-AWI-SKO PC, 2010 WL 1948560, at *1, 2010 U.S. Dist. LEXIS 115432, at *3 (E.D. Cal. May 11, 2010); Williams v. Adams, No. 1:05-cv-00124-AWI-SMS PC, 2010 WL 148703, at *1 (E.D. Cal. Jan. 14, 2010).  "The Federal Rules of Civil Procedure were not intended to burden a non-party with a duty to suffer excessive or unusual expenses in order to comply with a subpoena *duces tecum*."  Badman v. Stark, 139

---

[2]  Plaintiff's previous motion, filed July 17, 2023 (ECF No. 23), was denied without prejudice because it was unclear which deadline plaintiff sought to extend (ECF No. 24).

1  F.R.D. 601, 605 (M.D. Pa. 1991) (citation omitted); see also, United States v. Columbia Broad.

2  Sys., Inc., 666 F.2d 364, 368 (9th Cir. 1982) (court may award costs of compliance with subpoena

3  to non-party).  Non-parties are "entitled to have the benefit of this Court's vigilance" in

4  considering these factors.  Badman, 139 F.R.D. at 605.  Additionally, because Federal Rule of

5  Civil Procedure 45(b) requires personal service of a subpoena, "[d]irecting the Marshal's Office

6  to expend its resources personally serving a subpoena is not taken lightly by the court."  Austin v.

7  Winett, 1:04-cv-05104-DLB PC, 2008 WL 5213414, *1, 2008 U.S. Dist. LEXIS 103279, at *2

8  (E.D. Cal. Dec. 12, 2008); 28 U.S.C. § 1915(d).

9          The subpoena attached to the motion seeks a copy of defendant's complete personnel file

10  and written communications, including emails, to and from defendant from October 1, 2021, to

11  the present.  ECF No. 28 at 2.  Given the documents requested, the motion for service of the

12  subpoena will be denied because it fails to establish that the documents sought cannot be obtained

13  through discovery requests to defendant and there is no indication that plaintiff has attempted to

14  obtain these documents through discovery requests.  In order for the court to consider ordering

15  the United States Marshals to serve a subpoena duces tecum on a non-party, plaintiff must submit

16  to the court a completed federal subpoena form that describes the items to be produced with

17  reasonable particularity and designate a reasonable time, place, and manner for production.

18  Plaintiff must also show that he has not or cannot receive the documents he seeks by way of

19  discovery requests to defendant.  Failure to do so will result in denial of the motion.  Plaintiff is

20  further advised that even though he is proceeding in forma pauperis, should the court order

21  service of his subpoena, he may be required to pay any costs associated with complying with the

22  subpoena in order to avoid imposing an undue burden upon a non-party.  Because the motion for

23  service of the subpoena is being denied, plaintiff will be provided additional time to serve a

24  request for production on defendant so that he may attempt to obtain the documents from

25  defendant.

26          In granting plaintiff additional time to complete discovery, plaintiff is cautioned that

27  having brought this case he has an obligation to pursue it diligently and failure to do so may result

28  ////

in the denial of future requests for additional time or dismissal of this case for failure to prosecute.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for an extension of time to serve written discovery on defendant (ECF No. 27) is GRANTED.

2. Plaintiff's previously served requests for discovery are deemed timely and defendant shall have forty-five days from the service of this order to respond to those requests.

3. Plaintiff shall have twenty-one days from the service of this order to serve any additional written discovery requests.

4. The deadline for the parties to conduct discovery, including the filing of any motions to compel, is extended to November 22, 2023.

5. Plaintiff's motion for service of a subpoena (ECF No. 28) is DENIED.

DATED: August 10, 2023

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

4